Rosa, Belén, Mercedes, Adela y María Carreras Freyre, demandantes y apeladas, *v.* Josefa Dolores Brunet y Guayta, demandada y apelante.

No. 6290.—*Sometido:* Abril 24, 1933. *Resuelto:* Abril 28, 1933.

*G. de la Haba,* abogado de la apelante; *A. Marín,* abogado de las apeladas.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La parte apelada solicita la desestimación de la apelación interpuesta en este caso porque los autos se radicaron en febrero 23, 1933, y en marzo 4 siguiente se concedió a la apelante una prórroga para presentar su alegato a vencer el 4 de abril de 1933 y porque el alegato no fué presentado dentro de dicho término, limitándose la apelante a solicitar en abril 3, otra prórroga de treinta días que le fué concedida sin autoridad por esta corte.

Sostiene la apelada usando sus propias palabras: "Que la prórroga últimamente concedida está desautorizada por las disposiciones del artículo 53 del Reglamento de esta Hon. Corte, tal como dicho artículo debe entenderse; y por tanto tal prórroga es nula."

Dice la sección 53 del reglamento de esta corte, que se invoca:

"Siempre que un Letrado solicite de este Tribunal una prórroga, para cualquier fin, la concesión de la cual pueda demorar la tramitación de la causa por más de treinta días, se denegará dicha prórroga, a no ser que la parte contraria o su abogado hayan sido notificados, o consientan por escrito en dicha demora."

Sostiene la apelada que la correcta interpretación de esa regla es la de que no es necesario que la prórroga que se solicite sea en sí misma por un término mayor de treinta días cuando ya se ha solicitado y concedido anteriormente otra que cubra dicho término.

Desde que fué aprobada hace más de veinte años, ha venido aplicándose dicha regla de modo invariable en el sentido de que las que exigen notificación a la parte contraria o a su abogado, o su consentimiento por escrito, son las peticiones de prórroga en sí mismas por más de treinta días, irrespectivamente de si el término ha sido o no prorrogado con anterioridad. No se nos presentan razones de peso para variar la interpretación.

Además aunque resolviéramos lo contrario y decidiéramos que es la correcta la interpretación que da a la regla la parte apelada, no procedería la desestimación del recurso porque no se trata de un término jurisdiccional y la corte ha ejercitado ya su discreción extendiéndolo.

██ En materia de apelaciones sólo hay un término jurisdiccional fatal en absoluto, el de la interposición del recurso. Una vez que el recurso se interpone, la corte adquiere jurisdicción para tramitarlo. Los otros términos fijados son prorrogables, concediéndose las prórrogas en el ejercicio de una sana discreción, de acuerdo con las circunstancias que concurran.

*Debe declararse no haber lugar a la desestimación solicitada.*